UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS RUTLEDGE,

        Plaintiff,

      v.

LASSEN COUNTY DISTRICT
ATTORNEY, et al.,

        Defendants.

No.  2:18-cv-1723 CKD P

ORDER

        Plaintiff is a Lassen County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15      In order to avoid dismissal for failure to state a claim a complaint must contain more than

16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26  U.S. 232, 236 (1974).

27  /////

28  /////

2

1     The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

2     which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

3     court will, however, grant leave to file an amended complaint.

4     Plaintiff asserts that he has submitted "habeas corpus claims" to the Lassen County

5     District Attorney and his appointed attorney and that they have not been forwarded to the

6     appropriate court, most likely the Superior Court of Lassen County.  Plaintiff is advised that if he

7     elects to file an amended complaint, he has a Constitutional right, arising under the First

8     Amendment, to access to courts.  A violation of that right might occur if plaintiff was not

9     permitted to communicate directly with a court.  There is no right to have claims forwarded from

10    a prosecutor to a court, however.  Furthermore, if plaintiff believes his appointed attorney is not

11    providing plaintiff with adequate representation in some way, he should take that up with the

12    court in which he is being prosecuted.

13    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

14    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15    complaint be complete in itself without reference to any prior pleading.  This is because, as a

16    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20    In accordance with the above, IT IS HEREBY ORDERED that:

21    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

22    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

23    shall be collected and paid in accordance with this court's order to the Lassen County Sheriff

24    filed concurrently herewith.

25    3.  Plaintiff's complaint is dismissed.

26    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

27    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

28    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

3

number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 18, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rutl1723.14

4